UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

YOUCHUN ZHENG, *on behalf of himself and others similarly situated*,

                    Plaintiff,             Case No.: 15-cv-10125

-against-

KOBE SUSHI JAPANESE CUISINE 8 INC. d/b/a Kobe Sushi Japanese Cuisine, CHONG LIN YOU, and XING DA CHEN,

                    Defendants.

---

**DEFENDANT'S MEMORANDUM OF LAW IN SUPORT OF MOTION TO DISQUALIFY JOHN TROY, ESQ. AND THE LAW FIRM OF TROY LAW, PLLC <u>FROM REPRESENTING PLAINTIFFS IN THIS ACTION</u>**

**Xue & Associates, P.C.**
*Attorneys for Defendants*
KOBE SUSHI JAPANESE CUISINE 8 INC., CHONG LIN YOU, and XING DA CHEN

Benjamin B. Xue
Kevin K. Yam
1001 Avenue of the Americas
11th Floor
New York, NY 10018
benjaminxue@xuelaw.com
kevinyam@xuelaw.com
Tel.: (212) 219-2275
Fax: (212) 219-2276

## PRELIMINARY STATEMENT

Defendants Kobe Sushi Japanese Cuisine 8 Inc., Chong Lin You, and Xing Da Chen ("Defendant Chen") (collectively "Defendants") submits this Memorandum of Law in support of Defendants' motion to disqualify Plaintiff Youchun Zheng's counsel, John Troy, Esq. ("Mr. Troy") and Troy Law, PLLC. As described in further detail below, Mr. Troy obtained material and confidential information from Defendant Chen through a phone conversation which lasted approximately eleven (11) minutes. Specifically, Defendant Chen was led astray by Mr. Troy's targeted mail advertisement, sent within days after Mr. Troy's e-filing of the complaint on behalf of Plaintiff, seeking to represent Defendants in the *__same__* matter. Defendant Chen responded to the letter by calling Mr. Troy, during which time Defendant Chen disclosed information regarding his employees and business practices. Mr. Troy is now in possession of material and confidential information, which was intentionally obtained from a prospective client through deceptive practices, which have undermined the adversarial process, which poses a significant risk of trial taint, and which requires the disqualification of Mr. Troy as Plaintiff's counsel.

## ARGUMENT

### A. THE UNDERLYING DISPUTE

In this case, Plaintiff Youchun Zheng alleges that Defendants have engaged in unlawful employment practices, in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL"). Specifically, the Plaintiff's Complaint alleges that Plaintiff was employed by Corporate Defendant Kobe Sushi Japanese Cuisine 8, Inc. ("Corporate Defendant Kobe Sushi"), and that Plaintiff Zheng, as well as other similarly situated employees, were allegedly denied their overtime wages and notice of tip deductions.

The Complaint seeks certification as a Collective Action and Class Action, for which it would be vital to know the number of employees employed by Corporate Defendant Kobe Sushi. Furthermore, the complaint alleges notice posting violations, record keeping violations, and minimum wage and overtime pay violations. A fact-based inquiry into each of these allegations is necessary, and the disclosure of which would be pivotal to ultimate success at trial.

**B. THE UNDERLYING FACTS AND CIRCUMSTANCES SUPPORTING THE DISQUALIFICATION OF PLAINTIFF'S COUNSEL MR. JOHN TROY**

Mr. Troy, in serving as Plaintiff's counsel, provided critical assistance to Plaintiff Zheng in commencing the action against Defendants and in filing the initial complaint. The Complaint was filed on December 30, 2015. Shortly thereafter, Mr. Troy proceeded to mail a letter (the "Letter"), postmarked January 7, 2016, specifically targeting Corporate Defendant Kobe Sushi and addressed to Defendant Chen, which read as follows:

> "Dear Sir/Madam,
>
> We write with respect to the recent employment action commenced against you and your company for alleged Federal and New York State law regulation violation in Minimum Wages and Overtime Pay. You now face a predicament which could potentially harm your company with loss of time and pecuniary costs.
>
> But you are not alone in this battle! Our law firm has handled both sides of these employment wage and hour actions for the past 25 years. Thus, we understand how each side of the lawsuit thinks and operates. We have defended over fifty companies in similar lawsuits brought under FLSA throughout the state of New York.
>
> Our experienced staff is well versed in Chinese, Korean and Spanish, and we stand ready to represent you.
>
> Please feel free to contact us. We are ready and willing to talk with you to protect your business from hardships wrought by the litigation.
>
> Very truly yours,
> JOHN TROY"

**Exhibit A** to *Affidavit of Xing Da Chen*. Cognizant of the fact that he was retained as counsel for Plaintiff in the same case, Mr. Troy nevertheless proceeded to send this targeted advertisement letter to Defendants just a few days after having filed a formal Complaint against them.

Defendant Chen, who had yet to be served with the Summons and Complaint, first learned about the suit being filed against him through Mr. Troy's letter. *Affidavit of Xing Da Chen*, ¶ 4. Concerned for his business and unaware that Mr. Troy was in fact already representing Plaintiff, Defendant Chen called Mr. Troy on January 22, 2016 at 3:14 p.m. seeking legal representation for the matter as the Letter suggested. *See Phone Records*, attached as **Exhibit B** to *Affidavit of Xing Da Chen*. Defendant Chen believed that Mr. Troy would be able to adequately defend him as well as Corporate Defendant Kobe Sushi based on the representations made by Mr. Troy in the Letter.

During their conversation, Defendant Chen responded to numerous questions and disclosed significant confidential information to Mr. Troy so that Mr. Troy could make a fair and reasonable assessment of Defendant Chen's case. Specifically, Mr. Chen discussed matters pertaining to Plaintiff's employment with Kobe Sushi, including his hours, wages and tips, as well as other employees, their employee records, wages, tips and several other critical matters. *Affidavit of Xing Da Chen*, ¶ 10. Clearly, in a case where Defendants have allegedly violated federal and state labor and employment laws, such information is pivotal in ultimately succeeding at trial.

The phone conversation between Defendant Chen and Mr. Troy lasted roughly eleven (11) minutes, coming to an end at approximately 3:25 p.m. *See Phone Records*, attached as **Exhibit B** to *Affidavit of Xing Da Chen*. It was only during the last two (2) minutes of their

conversation that Mr. Troy finally disclosed that he was representing Plaintiff in the same matter. *Affidavit of Xing Da Chen*, ¶ 11. Unfortunately, by that time Mr. Troy had already obtained all the information he needed to from Defendant Chen. Thus, Mr. Troy, as well as Troy Law, PLLC, must be disqualified as Plaintiff's counsel since they are privy to confidential information acquired from a prospective client.

All Defendants were formally served with the Complaint on March 25, 2016.

### C. APPLICABLE LAW REGARDING ETHICAL VIOLATIONS AS SUPPORTING THE DISQUALIFICATION OF PLAINTIFF'S COUNSEL JOHN TROY AND TROY LAW, PLLC

The disqualification of counsel has always been subject to the court's discretion. *Cresswell v. Sullivan and Cromwell*, 922 F.2d 60, 72 (2d Cir.1990). In considering whether or not disqualification of counsel is warranted, the Court must "be solicitous of a client's right freely to choose his counsel – a right which of course must be balanced against the need to maintain the highest standards of the profession." *Government of India v. Cook Industries, Inc.*, 569 F.2d 737, 739 (2d Cir.1978). Ultimately, the Court must preserve the integrity of the adversary process. *Hempstead Video, Inc. v. Incorporated Village of Valley Stream* 409 F.3d 127, 132 (2d Cir.2005). Although the moving party faces a great obstacle in disqualifying opposing counsel, the key to determining whether disqualification is warranted rests on whether the movant can show "that the presence of a particular counsel will taint the trial by affecting his or her representation of the case." *Bottaro v. Hatton Assocs.*, 690 F.2d 895, 896 (2d Cir.1982).

Federal courts sitting in New York have applied one of three bases on which an attorney could be disqualified: (1) where an attorney's conflict of interests…undermines the court's confidence in the vigor of the attorney's representation of his client… (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through

prior representation … thus giving his present client an unfair advantage; or (3) where an attorney is in a position to use confidential information obtained from a potential client. *Spagnuolo v. Louie's Seafood Restaurant, LLC*, 20 F.Supp.3d 348 (E.D.N.Y. 2014). As applicable here, the third basis for disqualification was adopted on April 1, 2009 and is derived from the New York Code of Professional Responsibility Rule 1.18. *Miness v. Ahuja*, 762 F.Supp.2d 465 (E.D.N.Y. 2010). Finally, in balancing the client's right to select counsel, the Court has held that disqualification of counsel "should ordinarily be granted only when a violation of the Canons of the Code of Professional Responsibility poses a significant risk of trial taint." *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir.1981).

> a. **JOHN TROY'S CONTINUED REPRESENTATION OF PLAINTIFF IS A BLATANT VIOLATION OF THE NEW YORK RULES OF PROFESSIONAL CONDUCT RULE 1.18.**

As explained above, a recently adopted basis for the disqualification of an attorney is when such attorney has gained confidential information from a prospective client in the same or similar matter. *See Miness*, 762 F.Supp.2d 465. Mr. Troy's continued representation of Plaintiff, after having acquired confidential information from Defendant Chen regarding the same exact matter, is a blatant violation of Rule 1.8 of the New York Rules of Professional Conduct, which provides in relevant part as follows:

"**RULE 1.18: DUTIES TO PROSPECTIVE CLIENTS**

(a) A person who discusses with a lawyer the possibility of forming a client-lawyer relationship with respect to a matter is a "prospective client."

(b) Even when no client-lawyer relationship ensues, a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation, except as Rule 1.9 would permit with respect to information of a former client.

(c) A lawyer subject to paragraph (b) shall not represent a client with interests materially adverse to those of a prospective client in the same or a

> substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter, except as provided in paragraph (d). If a lawyer is disqualified from representation under this paragraph, no lawyer in the firm with which that lawyer is associated may knowingly undertake or continue representation in such a matter, except as provided in paragraph (d)."

Defendant Xing Da Chen clearly qualifies as a "prospective client" within the meaning of Rule 1.18 (a). In responding to Mr. Troy's letter soliciting legal representation, Defendant Chen telephoned Mr. Troy and readily identified himself as a potential client in a labor and employment law matter. Specifically, Defendant Chen called Mr. Troy on January 22, 2016 and explained that he was responding to Mr. Troy's letter regarding the case at hand. Defendant Chen was confused and unaware about the circumstances of the suit, and thus called Mr. Troy with the intention of securing him as his legal counsel. It was also readily apparent to Mr. Troy that Defendant Chen called with such intention.

Furthermore, in discussing employee wages, tips and other critical subject matters, Mr. Troy acquired confidential information from Defendant Xing Da Chen, the use of which in now representing Plaintiff Youchun Zheng is prohibited by Rule 1.18 (b). Rule 1.18 (c) also requires that the firm with which Mr. Troy is associated, Troy Law, PLLC, also be disqualified from representing Plaintiff in this matter.

In addition, Comment 6 to Rule 1.18 further supports the notion that Mr. Troy may not represent Plaintiff since Plaintiff's interests are adverse to those of Defendant Chen, who at the time was a prospective client, since Mr. Troy received information from Defendant Chen that could be substantially harmful if used in the matter. Comment 6 to Rule 1.18 reads as follows:

> "[6] Even in the absence of an agreement, under paragraph (c), the lawyer is not prohibited from representing a client with interest adverse to those of the prospective client in the same or a substantially related matter *unless the lawyer has received from the prospective client information that could be significantly harmful if used in the matter.*" (Emphasis added)

Finally, Rule 1.18 (e) does not provide a valid safe haven for Mr. Troy's continued representation of Plaintiff. Rule 1.18 (e) reads as follows:

(e) A person who:

(1) communicates information unilaterally to a lawyer, without any reasonable expectation that the lawyer is willing to discuss the possibility of forming a client-lawyer relationship; or

(2) communicates with a lawyer for the purpose of disqualifying the lawyer from handling a materially adverse representation on the same or a substantially related matter, is not a prospective client with the meaning of paragraph (a)."

It is undeniable that Defendant Chen did not communicate with John Troy for the sole purpose of disqualifying him adverse counsel. In fact, it was Mr. Troy who first made contact with Defendant Chen by sending Defendant Chen the Letter. Even though it was Defendant Chen who called Mr. Troy, Defendant Chen was unaware of the circumstances surrounding the complaint as he was not yet served with the complaint, and he was unaware of the fact that Mr. Troy was representing the opposing party. During their phone conversation, Defendant Chen proceeded to confide in Mr. Troy critical, confidential information which would not have otherwise been disclosed.

**b. THE ACTIONS OF JOHN TROY AND TROY LAW, PLLC HAVE JEOPARDIZED THE INTEGRITY OF THE ADVERSARY PROCESS AND JOHN TROY'S VIOLATION OF RULE 1.8 OF THE NEW YORK RULES OF PROFESSIONAL CONDUCT POSES A SIGNIFANT RISK OF TRIAL TAINT.**

The Letter led Defendant Chen to wrongfully believe that Mr. Troy would be able to defend him, as well as Corporate Defendant Kobe Sushi, in the labor and employment action. As a result of this Letter, Defendant Chen proceeded to contact Mr. Troy as a prospective client and disclosed confidential information to Mr. Troy, unaware that he was speaking with opposing

counsel. Mr. Troy's deceptive and misleading actions have led Defendant Chen astray and have resulted in the improper disclosure of confidential information to opposing counsel. His actions have substantially jeopardized the integrity of the adversarial process, and leave disqualification of Mr. Troy as Plaintiff's counsel as the only possible recourse.

Furthermore, by violating Rule 1.18 of the New York Rules of Professional Conduct, Mr. Troy's actions have posed a significant risk of trial taint. In the *Ahuja* case, the court stated, "the most likely example Court can perceive of is an unfair cross-examination of [Plaintiff] by [Counsel], based on [Counsel's] knowledge of the personal feelings and thoughts of [Plaintiff]." *Miness*, 762 F.Supp.2d 465. Here, opposing counsel is aware of more than just feelings and thoughts. Mr. Troy has access to substantial facts and details that may critically undermine any potential defense presented by Corporate Defendant Kobe Sushi and Defendant Chen.

## **CONCLUSION**

For the foregoing reasons, it is respectfully requested that this Court disqualify Mr. Troy and Troy Law, PLLC as counsel for Plaintiff and award Defendants and their counsel all of the costs and expenses incurred in prosecuting this motion, in addition to any other relief the Court deems just and proper.

Dated:  May 4, 2016
       New York, New York

**Xue & Associates, P.C.**
*Attorneys for Defendants*
KOBE SUSHI JAPANESE CUISINE 8 INC., CHONG LIN YOU, and XING DA CHEN

By: /s/ Benjamin B. Xue
Benjamin B. Xue
Kevin K. Yam
1001 Avenue of the Americas
11th Floor
New York, NY 10018
benjaminxue@xuelaw.com
kevinyam@xuelaw.com
Tel.: (212) 219-2275
Fax: (212) 219-2276