John Troy (JT 0481)
Troy Law, PLLC
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
(718) 762-1324
(718) 762-1342 (fax)

*Attorney for the Plaintiff*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
------------------------------------------------------------------------X
YOUCHEN ZHENG, *on behalf of himself*
*and others similarly situated*,

                                      **Case No.: 15-cv-03058**

                              Plaintiff,

    -against-

KOBE SUSHI JAPANESE CUISINE 8 INC. d/b/a
Kobe Sushi Japanese Cuisine, CHONG LIN YOU,
and XING DA CHEN,

                              Defendants.
------------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS'
MOTION TO DISQUALIFY JOHN TROY, ESQ. AND THE LAW FIRM OF TROY
LAW, PLLC FROM REPRESENTING PLAINTIFFS IN THIS ACTION**

John Troy
Troy Law PLLC
41-25 Kissena Blvd, Suite 119
Flushing, NY 11355
TEL: 718.762.1324
FAX: 718.762.1342
johntroy@troypllc.com

# TABLE OF CONTENTS

TABLE OF AUTHORITIES .................................................................................................... ii
PRELIMINARY STATEMENT ............................................................................................. 1
STATEMENT OF FACTS ...................................................................................................... 1
LEGAL STANDARD.............................................................................................................. 2
ARGUMENT........................................................................................................................... 3
    A.    Defendants Have Not Met Their Heavy Burden of Proving that Mr. Chen Conveyed Significantly Harmful Information to Mr. Troy ......................................................... 4
    B.    Defendants Cannot Meet Their Heavy Burden of Proving that any Information Disclosed to Mr. Troy is Significantly Harmful to Mr. Chen ....................................... 6
CONCLUSION........................................................................................................................ 8

# TABLE OF AUTHORITIES

**Cases**

*ADP, Inc. v. PMJ Enters., LLC*, No. 06-2042 (PGS) 2007 U.S. Dist. LEXIS 17808 (D.N.J. Mar. 14, 2007) ................................................................................................................................ 6

*Bd. of Educ. v. Nyquist*, 590 F.2d 1241 (2d Cir. 1979) ............................................................. 2, 3

*Gluek v. Jonathan Logan, Inc.*, 653 F.2d 746 (2d Cir. 1981) ......................................................... 3

*Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737 (2d Cir. 1978) ................................................... 3

*Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127 (2d Cir. 2005) ...................... 3

*Mayers v. Stone Castle Partners, LLC*, 126 A.D.3d 1 (N.Y. App. Div. 1st Dep't 2015) ............... 4

*Miness v. Ahuja*, 762 F. Supp. 2d 465 (E.D.N.Y. 2010) ..................................................... 3, 4, 6, 7

*Ritchie v. Gano*, Case No. 07-cv-07269 (VM)(JCF), 2008 U.S. Dist. LEXIS 67770 (S.D.N.Y. Sept. 8, 2008) ............................................................................................................................ 3

*Tradewinds Airlines, Inc. v. Soros*, Case No. 08-cv-5901 (JFK), 2009 U.S. Dist. LEXIS 40689 (S.D.N.Y. May 12, 2009) ........................................................................................................ 7

*Zalewski v. Shelroc Homes, LLC*, 856 F. Supp. 2d 426 (N.D.N.Y. 2012) ................................. 6, 7

**Rules**

New York Code of Professional Responsibility Rule 1.18 ............................................................. 4

Plaintiff, by and through his attorney, Troy Law PLLC, submits this Memorandum of Law in Opposition to Defendants' Motion to Disqualify John Troy, Esq. and the law firm of Troy Law, PLLC from representing Plaintiffs in this action.

## PRELIMINARY STATEMENT

Plaintiff, Youchun Zheng, initiated this action by filing a complaint on December 30, 2015, alleging minimum wage and overtime violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190, *et seq.*, §§ 650 *et seq.*, ("NYLL") by Defendants, Kobe Sushi Japanese Cuisine 8 Inc. d/b/a Kobe Sushi Japanese Cuisine ("Kobe"), Chong Lin You ("You") and Xing Da Chen ("Chen").

Defendants' motion to disqualify John Troy, Esq. and Troy Law PLLC should be denied because Defendants cannot and have not met their heavy burden in seeking to disqualify. Defendants have not demonstrated that any information that Mr. Chen disclosed to Mr. Troy is significantly harmful in this matter. Mr. Troy spoke to Mr. Chen for only a brief period of time, just long enough to determine his identity as one of the defendants in this case, and in such a brief period of time no significantly harmful information was or could have been disclosed. Furthermore, even accepting, for the sake of argument, Defendants' version of what information was conveyed, Defendants cannot meet their heavy burden to show that this information would be significantly harmful to Mr. Chen in this matter.

## STATEMENT OF FACTS

Mr. Chen is a defendant in this action and one of the owners of Defendant, Kobe. In early January of 2016 Mr. Chen and Kobe were inadvertently sent a solicitation letter in reference to this case. *See* Troy Dec. ¶¶ 4-6, attached hereto as Exhibit 1.

On January 22, 2016, Troy Law PLLC received a phone call from an unknown number, which was only later determined to be Mr. Chen. *See* Troy Dec. ¶¶ 7-8. The customary practice of this office is for the office staff to conduct a search of our internal database to determine the identity of the caller. Troy Dec. ¶ 8. This search revealed that this was the first time that this number had called this office. Troy Dec. ¶ 9. Customarily, a member of the office staff answers the phone and attempts to determine the identity of the caller and the reason for his call, then transfers the call to Mr. Troy. Troy Dec. ¶¶ 10, 12-13. Oftentimes the caller does not wish to identify himself so the caller is transferred without determining his identity. Troy Dec. ¶ 11. In this case the call was transferred without the identity of the caller having been determined. Troy Dec. ¶ 16.

Mr. Troy only spoke to the caller long enough to determine his identity and to run a conflicts check. Troy Dec. ¶ 17. Once Mr. Troy determined that the caller was Mr. Chen, a defendant in this case, Mr. Troy immediately ended the call. Troy Dec. ¶¶ 17-18. Although Mr. Troy does not recall the exact length of the conversation, it was certainly for a period significantly less than eleven (11) minutes. Troy Dec. ¶ 15. Mr. Chen did not disclose any information during this call to Mr. Troy other than what was necessary to determine his identity. Troy Dec. ¶ 19.

## LEGAL STANDARD

"[T]he power of the federal courts to disqualify attorneys in litigation pending before them has long been assumed[.]" *Bd. of Educ. v. Nyquist*, 590 F.2d 1241, 1245-46 (2d Cir. 1979). Although the Second Circuit's "decisions on disqualification often benefit from guidance offered by the American Bar Association (ABA) and state disciplinary, such rules merely provide general guidance and not every violation of a disciplinary rule will necessarily lead to

disqualification." *Hempstead Video, Inc. v. Inc. Vill. of Valley Stream*, 409 F.3d 127, 132 (2d Cir. 2005).

Rather "recognizing the serious impact of attorney disqualification on the client's right to select counsel of his choice, [the Second Circuit has] indicated that such relief should ordinarily be granted only when a violation of the [Rules of Professional Conduct] poses a significant risk of trial taint." *Gluek v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981) (citations omitted). A significant risk of trial taint has been found only where (1) "an attorney's conflict of interests . . . undermines the court's confidence in the vigor of the attorney's representation of his client . . . or (2) where the attorney is at least potentially in a position to use privileged information concerning the other side through prior representation . . . thus giving his present client an unfair advantage." *Nyquist*, 590 F.2d at 1246. Additionally, a number of courts have adopted a third situation, "where an attorney is in a position to use confidential information from a potential client." *Miness v. Ahuja*, 762 F. Supp. 2d 465, 479 (E.D.N.Y. 2010).[1] Ultimately, the party seeking to disqualify is subject to a "high standard of proof." *Gov't of India v. Cook Indus., Inc.*, 569 F.2d 737, 739 (2d Cir. 1978) and disqualification "is a 'drastic measure' that is viewed with disfavor in this Circuit." *Ritchie v. Gano*, Case No. 07-cv-07269 (VM)(JCF), 2008 U.S. Dist. LEXIS 67770 at *6 (S.D.N.Y. Sept. 8, 2008) (citing cases).

## ARGUMENT

As it is unequivocally true that no attorney-client relationship was formed between Mr. Troy and Mr. Chen (he was at most a prospective client) and there is no question of conflict of interest only the third situation can apply here. Defendants recognize this and argue that Mr. Troy should be disqualified from this case under the third situation, "where an attorney is in a

---

[1] This third situation has not been adopted by the Second Circuit, but rather is derived from the New York Code of Professional Responsibility Rule 1.18, which was adopted on April 1, 2009. *See Miness*, 762 F. Supp. 2d at 479.

position to use confidential information form a potential client." *Miness*, 762 F. Supp. 2d at 479. This situation is derived from New York Code of Professional Responsibility Rule 1.18(c), which disqualifies an attorney from representing "a client with interests materially adverse to those of a prospective client in the same or a substantially related matter if the lawyer received information from the prospective client that could be significantly harmful to that person in the matter[.]" Thus in order to for a prospective client to obtain the disqualification of an attorney who represents the adverse party in the same matter, the prospective client must meet a heavy burden of demonstrating that the information disclosed could be *significantly harmful* to the prospective client in the matter. *See Mayers v. Stone Castle Partners, LLC*, 126 A.D.3d 1, 7-8 (N.Y. App. Div. 1st Dep't 2015). Defendants have not and cannot meet this high burden.

### A. Defendants Have Not Met Their Heavy Burden of Proving that Mr. Chen Conveyed Significantly Harmful Information to Mr. Troy

Mr. Chen did not convey any information that could be significantly harmful to him in this matter. Far from conveying significantly harmful information, Mr. Chen did not convey much information at all. Defendants assert that Mr. Chen talked to Mr. Troy for eleven minutes and only in the final two minutes of the conversation did Mr. Troy indicate that he was representing the Plaintiff in this case. *See* Chen Aff. ¶¶ 9, 11.

It is highly unlikely that this is true. The call history list, attached to Defendants' Motion as Exhibit B, shows simply the length that the call was ongoing to this office. It does not disclose how long Mr. Chen actually spoke with Mr. Troy. This office operates in a highly regulated, customary practice when it comes to answering phone calls. The first step is for the office staff to check our internal database to determine the identity of the caller. Troy Dec. ¶ 9. Second, if the number is not in our database, as was the case here, the member of the office staff who answers the phone attempts to determine the identity of the caller and the matter that he is

calling about. Troy Dec. ¶ 10. However, since a large number of our callers oftentimes do not wish to disclose their identities, a callers' exact identity is frequently not determined at this stage. Troy Dec. ¶ 11. Third, the office member places the caller on hold and asks Mr. Troy if he wishes to speak with the caller. Troy Dec. ¶ 12. Only after this is the call transferred to Mr. Troy. Troy Dec. ¶ 13. This whole process takes time to complete and does not account for anytime that Mr. Chen was on hold waiting to speak to Mr. Troy. It is therefore likely that a substantial portion of Mr. Chen's eleven (11) minute phone call was taken up by this process.

Furthermore, our customary office practice makes it highly unlikely that Mr. Chen disclosed any substantial information. It is our practice not to speak to potential clients, who are employers, about their case over the phone. Troy Dec. ¶ 14. Rather, we try to schedule these clients for a time to come into the office and discuss their matter. *Id.* This process makes it unlikely that a potential employer client would ever disclose meaningful information over the phone, not to mention information that could be significantly harmful to him.

Specifically, in this case when Mr. Troy answered the phone he did not know the identity of the caller. Troy Dec. ¶ 16. Mr. Troy does not recall the exact length of the conversation with Mr. Chen, but he spoke to the caller only long enough to determine his identity as Mr. Chen, the defendant in this case. Troy Dec. ¶ 17. Once he discovered this information Mr. Troy immediately ended the call. Troy Dec. ¶ 18. Whatever length of time this conversation lasted it was certainly less than eleven (11) minutes as Defendants claim. Troy Dec. ¶ 15. During this time Mr. Chen conveyed little information, if any at all, and certainly nothing that could be considered significantly harmful to him.

### B. Defendants Cannot Meet Their Heavy Burden of Proving that any Information Disclosed to Mr. Troy is Significantly Harmful to Mr. Chen

Even if we accept, for the sake of argument, that Mr. Chen conveyed the information that he alleges in an eleven (11) minute phone call, this information cannot be classified as significantly harmful to him.

In support of their one paragraph argument that the information conveyed is significantly harmful, Defendants quote from *Miness v. Ahuja*, 762 F. Supp. 2d 465, 481 (E.D.N.Y. 2010). Defendants argue that Mr. Troy received specific facts, not just thoughts and feelings, and therefore, Mr. Troy's knowledge in this matter is even more significant than the matter at issue in *Miness*. However, this is a gross mischaracterization of *Miness*. In *Miness*, the attorney had "long-term, real-time discussions" with the prospective client where he learned "(1) the plaintiff's present thoughts and feelings on the developing situation, (2) the plaintiff's personal accounts of each relevant event shortly after it happened, and (3) the plaintiff's strategic thinking concerning how to manage the situation." *Id.* at 480-81. Clearly the information possessed by the attorney in *Miness* was far greater than is present here and even far greater than what could possibly be obtained in eleven minutes.

Rather, contrary to what Defendants argue, information "that could be significantly harmful" is exactly information like the potential client's thoughts and feelings not specific facts akin to what was allegedly disclosed here. *See Zalewski v. Shelroc Homes, LLC*, 856 F. Supp. 2d 426, 435-36 (N.D.N.Y. 2012) (disqualifying attorney on the grounds that he had received the defendants' thoughts on the strengths and weaknesses of the parties' respective positions, not the nature of the business or the history of the dispute); *ADP, Inc. v. PMJ Enters., LLC*, Case No. 06-2042 (PGS) 2007 U.S. Dist. LEXIS 17808 at *12-*13 (D.N.J. Mar. 14, 2007) (declining to disqualify attorney despite the plaintiff's disclosure of the information about their business, the

history of the dispute and the factual basis of an anticipated counterclaim). Here Mr. Chen allegedly discussed matters pertaining to Plaintiff's employment with Defendant Kobe Sushi, including his hours, wages and tips, and other matters relating to Kobe Sushi employees, including employee records, wages and tips. *See* Chen Affidavit ¶ 10. This is exactly the kind of background factual information that has not troubled other courts.

Furthermore, where attorneys have been disqualified under this situation the amount of time spent with the prospective client is significantly longer than the alleged eleven (11) minutes here. *See Zalewski*, 856 F. Supp. 2d at 429 (prospective clients met, in person, with attorney for eighty (80) minutes in addition to a preliminary phone call); *Miness*, 762 F. Supp. 2d at 468-74, 80 (prospective client and attorney discussed the developing legal situation over a period of *years* in addition to having an in person meeting to discuss the merits of the case).

Moreover, the information that Mr. Chen allegedly disclosed is information that will be subject to discovery in this case. Therefore, at most, Mr. Chen simply disclosed to Mr. Troy information that he would have been required to disclose anyway at a later date. *See Tradewinds Airlines, Inc. v. Soros*, Case No. 08-cv-5901 (JFK), 2009 U.S. Dist. LEXIS 40689 at *26 (S.D.N.Y. May 12, 2009) (declining to disqualify an attorney who had prior access to public or *discoverable* information).

## **CONCLUSION**

For the reasons set forth above, Plaintiff respectfully requests that Defendants' Motion to Disqualify John Troy, Esq. and Troy Law PLLC be denied in its entirety.

Dated: May 18, 2016
Flushing, New York

                Respectfully Submitted,
                Troy Law, PLLC.
                *Attorneys for Plaintiff*

                By: /s/ John Troy
                41-25 Kissena Blvd., Suite 119
                Flushing, NY 11355
                Tel: 718.762.1324
                Fax: 718.762.1342
                johntroy@troypllc.com