**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

YOUCHUN ZHENG, *on behalf of himself and*
*others similarly situated*,

                Plaintiff,               Case No.: 15-cv-10125

-against-

KOBE SUSHI JAPANESE CUISINE 8 INC.
d/b/a Kobe Sushi Japanese Cuisine, CHONG
LIN YOU, and XING DA CHEN,

                Defendants.

---

**DEFENDANTS' REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF**
**DEFENDANTS' MOTION TO DISQUALIFY JOHN TROY, ESQ. AND THE LAW**
**FIRM OF TROY LAW, PLLC FROM REPRESENTING PLAINTIFFS IN THIS**
**ACTION**

**Xue & Associates, P.C.**
*Attorneys for Defendants*
KOBE SUSHI JAPANESE CUISINE 8
INC., CHONG LIN YOU, and XING DA
CHEN

Benjamin B. Xue
Kevin K. Yam
1001 Avenue of the Americas
11th Floor
New York, NY 10018
benjaminxue@xuelaw.com
kevinyam@xuelaw.com
Tel.: (212) 219-2275
Fax: (212) 219-2276

## PRELIMINARY STATEMENT

Defendant's Kobe Sushi Japanese Cuisine 8 Inc., Chong Lin You, and Xing Da Chen ("Defendant Chen") (collectively "Defendants") submit this Reply Memorandum of Law in further support of Defendant's motion to disqualify Plaintiff's counsel, John Troy, Esq. ("Mr. Troy") and Troy Law, PLLC. This Reply will demonstrate that, contrary to Plaintiff's Memorandum of Law in Opposition ("Plaintiff's Opposition"), Mr. Troy and Defendant Chen engaged in conversation for a substantial part of the phone call and that Mr. Troy obtained information significantly harmful to Defendants. This Reply will also emphasize that the length of the phone conversation is not as important as the information that Mr. Troy obtained during the conversation. Ultimately, this Reply will demonstrate that Defendants have provided sufficient information to establish Mr. Troy's unethical conduct, and that such unethical conduct has jeopardized the integrity of the adversarial process and poses a significant risk of trial taint. A blind eye should not be turned to Plaintiff's Counsel's behavior, which has violated the spirit of the rules of professional conduct, cast an unsavory light on the legal profession, and created a clear appearance of impropriety. For the reasons discussed in Defendant's moving brief, and the reasons that follow, the Court should disqualify John Troy as well as Troy Law, PLLC as Plaintiff's Counsel.

### A. MR. TROY AND DEFENDANT CHEN ENGAGED IN CONVERSATION FOR A SUBSTANTIAL PART OF THE PHONE CALL, DURING WHICH TIME MR. TROY OBTAINED INFORMATION SIGNIFICANTLY HARMFUL TO DEFENDANTS

It is undisputed that the phone call between Mr. Chen and Mr. Troy and/or the offices of Troy Law, PLLC lasted for roughly eleven (11) minutes. However, and in stark contrast to the convoluted picture which the Plaintiff's Opposition attempts to paint, a substantial part of the phone call was comprised of actual conversation between Mr. Troy and Defendant Chen. See

Affidavit of Defendant Chen, dated May 25, 2016 ("Def. Chen 05/25/16 Aff."). Defendant Chen was not, as the Plaintiff's Opposition vehemently contends, on hold for a majority of the phone call. See Plaintiff's Opposition, Dkt. 22, pg. 5.

Furthermore, Plaintiff's Opposition contends that the information conveyed during the phone conversation does not satisfy a standard of "significantly harmful" and thus does not warrant disqualification. See Plaintiff's Opposition, Dkt. 22, pg. 6-7. In doing so, Plaintiff's Opposition has noticeably misinterpreted Defendants' moving brief. Specifically, Plaintiff's Opposition contends that Defendants' moving brief states that Mr. Troy received only factual information, and that no thoughts and feelings were conveyed during their conversation. See Plaintiff's Opposition, Dkt. 22, pg. 6-7. However, nowhere in Defendants' moving brief is the scope of disclosures limited to mere facts. To the contrary, Defendants' moving brief states that, among other things, Defendant Chen disclosed "matters pertaining to Plaintiff's employment with Kobe Sushi, including his hours, wages and tips, as well as other employees, their employee records, wages, tips and several other critical matters." See Defendant's Moving Brief, Dkt. 19, pg. 4.

To provide further clarity on this point, please see Defendant Chen's second Affidavit in Support of Defendants' Motion to Disqualify, attached hereto, which explains that included with the aforementioned topics were his general thoughts, feelings and case impressions. See Def. Chen 05/25/16 Aff. ¶¶ 4-6. Specifically, Defendant Chen discussed with Mr. Troy his thoughts on a potential settlement with Plaintiff based on Plaintiff's hours, wages and tips during his employment with Kobe Sushi, as well as his thoughts on the likelihood of success at trial. See Id. Defendant Chen also explained to Mr. Troy how Plaintiff claimed to have calculated his

hours and his theories on which strategy would best serve to discredit Plaintiff's calculations. Id. at ¶ 6.

In mischaracterizing Defendant's motion brief, Plaintiff attempts to confuse the issue by asserting that the information for which Defendants seek protection is ultimately discoverable, and therefore cannot form the basis of a disqualification motion. To the contrary, and as evident from Defendants' moving brief and Defendant Chen's Affidavits in support, thoughts, feelings, strategies and general impressions were also discussed during the phone conversation. Such thoughts, feelings, strategies and general case impressions are generally not discoverable through lawful discovery procedures, as they are confidential in nature.

Finally, it should be noted that even if *some* of the information would ultimately be disclosed during discovery, Mr. Troy's actions have nevertheless drastically undermined the integrity of the adversary process. Such information should be obtained through proper discovery demands, subject to applicable scrutiny and objections. This information should not be elicited by counsel through deceit and trickery.

**B. PLAINTIFF'S OPPOSITION MISTAKENLY FOCUSES ON THE LENGTH OF THE PHONE CONVERSATION RATHER THAN THE GRAVITY OF THE INFORMATION OBTAINED BY MR. TROY DURING THE PHONE CONVERSATION**

Plaintiff's Opposition cites to Zalewski v. Sherloc Homes, LLC, 856 F. Supp. 2d 426 (N.D.N.Y. 2012), and Miness v. Ahuja, 762 F. Supp. 2d 465 (E.D.N.Y. 2010), to support the imprudent notion that an attorney must speak to the prospective client over an extended period of time in order to be disqualified. See Plaintiff's Opposition, pg. 7. To the contrary, the *kind* of information obtained by Mr. Troy during their conversation is far more important that the *length* of their conversation. An attorney as experienced as Mr. Troy would not require much time to obtain even the slightest bit of confidential information from a prospective client. As evident by

the solicitation letter Mr. Troy sent to Defendant Chen, Troy Law, PLLC "has handled both sides of these employment wage and hour actions for the past 25 years. Thus, we understand how each side of the lawsuit thinks and operates." See Exhibit A to Affidavit of Xing Da Chen, Dkt 18-1.

Rule 1.18 specifically "prohibits an attorney from opposing a prospective client when the attorney has confidential information from the prospective client "that could be significantly harmful to that person in the matter."" Miness, 762 F. Supp. 2d. at 480 (citing Rule 1.18). As previously explained, and as evidenced by Defendant Chen's Affidavits, Mr. Troy acquired confidential information during the phone conversation in question in the form of, among other things, Mr. Chen's thoughts on a potential settlement with Plaintiff and the likelihood of success at trial and possible strategies on how to discredit Plaintiff's wage calculations. See Def. Chen 05/25/16 Aff. ¶¶ 4-6.

Assuming, *arguendo*, that the length of the conversation did in fact matter, the Miness Court explained that "disqualification is a fact-intensive endeavor, and in rare cases, disqualification may be appropriate even based merely on the appearance of impropriety." Miness, 762 F.Supp.2d at 478 (citing Bd. Of Ed. Of City of New York v. Nyquist, 590 F.2d 1241, 1246 (2d Cir. 1979); Armstrong v. McAlpin, 625 F.2d 433, 446 (2d Cir. 1980); Blue Cross Blue Shield of New Jersey v. Philip Morris, Inc., 53 F.Supp.2d 338, 346 (E.D.N.Y. 1999)). Here, there is no question that Mr. Troy's actions, in sending a solicitation letter to an opposing party and engaging in a phone conversation through which he acquired confidential information and has drastically undermined the adversarial process, has solidified an appearance of impropriety.

## C. THE SECOND CIRCUIT URGES COURTS TO LEAN IN FAVOR OF DISQUALIFICATION

Although Mr. Troy may contend in his affidavit that he has no recollection of the conversation, we must not accept this contention based solely upon his good graces and in complete disregard to Defendant Chen's rights to a fair trial, subject to lawful discovery practices. The Second Circuit has previously held that even though an attorney may vehemently refute the disclosure of any confidential information and "even though that attorney professes that he has no knowledge nor recalls, and, if he did, he would not need it or use it in a way to either alarm or harm Defendants," that "when in doubt, on a motion such as this, the Second Circuit urges courts to lean in favor of disqualification." Zalewski, 856 F. Supp. 2d. at 437 (citing Hull v. Celanese, 513 F.2d 568 (2d Cir. 1975)). Here, the Court should not take Mr. Troy's word at face value, considering Mr. Troy's undisputed actions in this matter include soliciting Defendants as clients merely days after filing a complaint against Defendants in the same matter.

## D. PLAINTIFF'S OPPOSITION HAS MISINTERPRETED AND MISAPPLIED MINESS V. AHUJA

Plaintiff's Opposition has also misinterpreted the applicability of the facts of Miness to the matter at hand. Even though the case does not involve the exact factual circumstances presented in this, Plaintiff has failed to consider the Court's rationale in disqualifying the attorney in that case. Specifically, just as in Miness, Defendant Chen shared confidential information with Mr. Troy on the clear understanding that such information would be used solely for purposes of securing legal representation, and would not be subject to disclosure for other purposes – certainly not to potentially be used against him in the same action. Furthermore, like the plaintiff in Miness, Defendant Chen now faces a similar probability that "during the trial,

[Mr. Troy's] first-hand knowledge of [Defendant Chen's] intimate thoughts and actions at the time of the relevant events could substantially and unfairly provide [his client] with an advantage… [such as by an] unfair cross-examination of [Defendant Chen] by [Mr. Troy], based on [Mr. Troy's] knowledge of the personal feelings and thoughts of [Defendant Chen]." Miness, 762 F. Supp. 2d. at 481.

## CONCLUSION

For the foregoing reasons, as well as those set forth in Defendant's original moving brief, Defendants' Kobe Sushi Japanese Cuisine 8 Inc., Chong Lin You, and Xing Da Chen respectfully request that the Court issue an order disqualifying Mr. Troy and Troy Law, PLLC from further representing Plaintiff in this matter, awarding Defendants and their counsel all of the costs and expenses incurred in prosecuting this motion, and granting such other relief as the Court deems just and proper.

Dated: May 25, 2016
     New York, New York

**Xue & Associates, P.C.**
*Attorneys for Defendants*
KOBE SUSHI JAPANESE CUISINE 8
INC., CHONG LIN YOU, and XING DA
CHEN

By:   /s/ Kevin K. Yam_____
      Benjamin B. Xue
      Kevin K. Yam
      1001 Avenue of the Americas
      11th Floor
      New York, NY 10018
      benjaminxue@xuelaw.com
      kevinyam@xuelaw.com
      Tel.: (212) 219-2275
      Fax: (212) 219-2276