UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

YOUCHUN ZHENG and ZHIZHONG LIU, *on behalf of themselves and all others similarly situated*,

                              Plaintiffs,

    -against-

KOBE SUSHI JAPANESE CUISINE 8, INC., *d/b/a* KOBE SUSHI JAPANESE CUISINE, *et al.*,

                              Defendants.

------------------------------------------------------------ x

ORDER GRANTING
MOTION TO DISQUALIFY
COUNSEL

15 Civ. 10125

USDC S[...]
DOCUM[...]
ELECT[...] FILED
DOC #:
DATE FI[LED] 6/20/16

ALVIN K. HELLERSTEIN, U.S.D.J.:

        John Troy, Esq., after drafting and serving a complaint on defendant Kobe Sushi Japanese Cuisine 8, Inc. ("Kobe Sushi"), received a telephone inquiry from Xing Da Chen ("Xing"), a principal of Kobe Sushi and also a defendant. Mr. Xing called in response to a solicitation sent by John Troy's office. The solicitation noted that Kobe Sushi recently had been sued in an FLSA case, and invited its principals to call John Troy for representation. Troy represented that he had substantial competence and experience in the field, that he represented both plaintiffs and defendants, and that he had competence in relevant Asian languages.

        Troy claims not to have memory of the contents of the conversation, except to remember that the caller was not immediately known to him until sometime during the conversation. Troy then claims that he ran a conflicts check and, upon learning that he was an adverse party, quickly terminated the call. Troy states that an employee sent the letter to Xing in error, and was later dismissed from employment.

1

I find, from the several declarations submitted by the parties, that Xing communicated substance to Troy about the case, and about potential defenses and strategies, as Xing maintains. Indeed, that was the purpose of the call, for Troy wrote the solicitation letter to obtain a client who already had been sued, and knew, further, when Xing called, that he was responding to such a letter. I believe Troy that he did not do so with improper intent, but he did know that Mr Xing was responding to a Troy solicitation letter, and that relevant information material to a representation likely would be discussed and, in fact, was discussed. I find, also, that Mr. Xing did not know, when he called Troy, that Troy represented the plaintiff, since the complaint had not yet been served.

I find that Troy learned relevant and useful information from Mr. Xing and, should he remain in the case, would be acting prejudicially to one or the other of his adverse clients, or both. The "vigor of the attorney's representation" of the earlier client either can reasonably be called into question or, conversely, be given "an unfair advantage" by having "confidential information obtained from a potential client." *Spagnuoli v. Louie's Seafood Rest., LLC*, 20 F. Supp. 3d 348, 355 (E.D.N.Y. 2014). Troy's solicitation of Xing, and Xing's conversation with Troy, "poses a significant risk of trial taint" that can be remedied only by disqualification of Troy. See *Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981); NY Code Prof. Respon. 1.18; 1.19. "The knowledge presumptively gained by [Troy] was of a character indelibly affecting intuition and judgment with respect to such related issues: 'knowing what to ask for in discovery, which witnesses to seek to depose, what questions to ask them, what lines of attack to abandon and what to pursue, what settlements to accept and what offers to reject,' and the like." *Felix v. Balkin*, 49 F. Supp. 2d 260, 272-73 (S.D.N.Y. 1999) quoting

2

*Ackerman v. National Property Analysts, Inc.*, 887 F.Supp. 510, 517 (S.D.N.Y. 1993). Troy's argument that nothing important was learned is based on wishful speculation, not fact.

Accordingly, Plaintiff will have to find replacement counsel. John Troy may not keep fee payments previously made to him, but must transfer them to successor counsel, and may not charge for fees hereafter. Troy may retain payments for expenses, and bill for any unpaid or unbilled expenses.

The action will be stayed until July 22, 2016, except for the filing of a notice of appearance by successor counsel. I will see counsel for both parties that day, at 10:00 a.m. to update the case management order filed May 6, 2016. The Clerk will mark ECF document 17 terminated.

SO ORDERED.

Dated:   June 20, 2016
         New York, New York

ALVIN K. HELLERSTEIN
United States District Judge

3