John Troy (JT 0481)
Troy Law, PLLC
41-25 Kissena Boulevard, Suite 119
Flushing, NY 11355
(718) 762-1324
(718) 762-1342 (fax)

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**
---------------------------------------------------------------------X
YOUCHEN ZHENG, *on behalf of himself*
 *and others similarly situated*,

                                                                            **Case No.: 15-cv-10125**

                                  Plaintiff,

        -against-

KOBE SUSHI JAPANESE CUISINE 8 INC. d/b/a
Kobe Sushi Japanese Cuisine, CHONG LIN YOU,
and XING DA CHEN**,**

                                  Defendants.
---------------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO VACATE THE DISQUALIFICTION OF JOHN TROY AND TROY LAW PLLC**

John Troy
Troy Law PLLC
41-25 Kissena Blvd, Suite 119
Flushing, NY 11355
TEL: 718.762.1324
FAX: 718.762.1342
johntroy@troypllc.com

Plaintiff, by and through his attorney, Troy Law PLLC, submits this Memorandum of Law in Support of Plaintiff's Motion to Vacate the disqualification of John Troy and Troy Law PLLC.

## PRELIMINARY STATEMENT/STATEMENT OF FACTS

Plaintiff, Youchun Zheng, initiated this action by filing a complaint on December 30, 2015, alleging minimum wage and overtime violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New York Labor Law §§ 190, *et seq.*, §§ 650 *et seq.*, ("NYLL") by Defendants, Kobe Sushi Japanese Cuisine 8 Inc. d/b/a Kobe Sushi Japanese Cuisine ("Kobe"), Chong Lin You ("You") and Xing Da Chen ("Chen").

On May 5, 2016 Defendants moved to disqualify Plaintiff's counsel, John Troy, based on a phone conversation that he had with Mr. Chen. Attached to Defendants' motion was an affidavit signed under oath by Mr. Chen. *See* Doc. No. 18 (hereinafter "Chen Affidavit" and attached as "Exhibit 1" to this motion). In this affidavit Mr. Chen stated that a letter sent by Troy Law PLLC and postmarked January 7, 2016 "was the first time that he found out that Kobe Sushi and I were being sued in a wage-and-hour action." Chen Aff. ¶ 4. Subsequent to this, on January 22, 2016, according to Mr. Chen, he called Mr. Troy to attempt to retain him as his lawyer in this action. Chen Aff. ¶ 7. Mr. Chen stated in his affidavit that at the time of the phone call he "was unaware that John Troy, Esq. and his firm Troy Law, PLLC, were already representing Plaintiff Youchun Zheng in this action." Chen Aff. ¶ 8.

On June 20, 2016 the Court granted Defendants' motion. *See* Doc. No. 27. In deciding on this motion the Court explicitly credited and relied on Mr. Chen's assertions, specifically stating that "I find, also that Mr. [Chen] did not know, when he called Troy, that Troy represented the plaintiff, since the complaint had not yet been served." Doc. No. 27, p. 2.

1

# ARGUMENT

The Second Circuit has recognized that an attorney should be disqualified "only when a violation of the [Rules of Professional Conduct] poses a significant risk of trial taint." *Gluek v. Jonathan Logan, Inc.*, 653 F.2d 746, 748 (2d Cir. 1981). One situation where this can occur, and the one that is relevant here, is where an attorney is in position to use confidential information obtained from a prospective client. *See Miness v. Ahuja*, 762 F. Supp. 2d 465, 479 (E.D.N.Y. 2010). This is derived from New York Rule of Professional Conduct 1.18, which provides that "a lawyer who has had discussions with a prospective client shall not use or reveal information learned in the consultation." However, "[a] person who communicates with a lawyer for the purpose of disqualifying the lawyer from handling a materially adverse representation on the same . . . matter, is not a prospective client[.]" New York Rules of Professional Conduct 1.18(e).

It appears beyond a reasonable doubt that Mr. Chen was not a prospective client and that his version of events was a complete fabrication and fraud upon this Court. In early January, Defendant and co-owner of Kobe Sushi Japanese Cuisine 8 Inc., Mr. You, placed several calls to the Plaintiff, which Plaintiff refused to answer. Zheng Aff. ¶ 5 (Attached hereto as "Exhibit 2"). Then, on January 5, 2016 and January 6, 2016, Mr. You sent a series of text messages to the Plaintiff. Zheng Aff. ¶ 4; Ex. 3 (text messages with accompanying English translation). These text messages indicate that by January 5, 2016—preceding even the date that the letter was mailed—Defendants were (1) aware of the lawsuit, (2) had retained their own attorney and, (3), most damning of all, knew that John Troy was Plaintiff's attorney.

On January 6, 2016 at 10:39 AM, Mr. You stated via text message, "I'll pay your litigation and attorney fee and give you $10,000 additionally. Go file the discontinue of the

lawsuit." Ex. 3.  This statement clearly indicates that Mr. You was aware of the lawsuit against the Defendants.  It is also apparent from the text messages that Mr. You had already obtained an attorney to represent him in this action as he states on January 6, 2016 at 1:28 PM, "To be honest with you that I just asked a lawyer and he said that your lawyer cannot stop you from withdrawing the lawsuit.  This is what the law indicates.  My lawyer can suit him."  Ex. 3.  Finally, Mr. You was patently aware that Mr. Troy was Plaintiff's attorney as he states, "Your lawyer whose last name is Troy is an evil[1] lawyer."  Ex. 3.

Obviously Mr. You knew of the existence of this action and Mr. Troy's status as Plaintiff's attorney well before Mr. Chen called Mr. Troy on January 22, 2016.  It simply defies logic to believe that Mr. Chen, who co-owned Kobe with Mr. You, and worked closely with Mr. You nearly every day, Zheng Aff. ¶ 11, was unaware of these facts for more than two weeks.  Rather, it is highly likely that Mr. Chen was aware of this information within no more than two days of Mr. You's texts to the Plaintiff.  A few days after Mr. You sent the texts to the Plaintiff, Mr. Chen attempted to call the Plaintiff.  Zheng Aff. ¶ 8.  Moreover, following the Plaintiff's refusal to answer the call, Mr. Chen's wife also attempted to call the Plaintiff and left a message.[2]  Zheng Aff. ¶ 9.

It is abundantly clear that Mr. Chen was not calling to retain Mr. Troy as his attorney on January 22, 2016, but instead called Mr. Troy in an attempt to disqualify Troy Law from representing the Plaintiff in this action.  Under these circumstances Mr. Chen cannot claim the protections of New York Rule of Professional Conduct 1.18 because he was clearly not a prospective client.  As a result, Mr. Troy is free to divulge any information learned in his short

---

[1] There is no exact English translation for this word.
[2] Plaintiff Zheng subsequently deleted the message.  Zheng Aff. ¶ 9.

3

conversation with Mr. Chen. Thus, there is no risk of trial taint and correspondingly there is no cause to disqualify Mr. Troy.

## CONCLUSION

For the reasons set forth above, Plaintiff respectfully requests that the Court vacate its Order dated June 20, 2016, disqualifying John Troy and Troy Law PLLC.


Dated: July 21, 2016
Flushing, New York

Respectfully Submitted,
Troy Law, PLLC.


By: <u>   /s/ John Troy     </u>
41-25 Kissena Blvd., Suite 119
Flushing, NY 11355
Tel: 718.762.1324
Fax: 718.762.1342
johntroy@troypllc.com